**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DONNA EVELYN CONNOR WHITE,
Plaintiff,

CASE NO.:

-VS-

GENESIS FS CARD SERVICES, INC.,
Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Donna White, by and through the undersigned counsel, and sues Defendant, GENESIS FS CARD SERVICES, INC. ("GENESIS"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like GENESIS from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

telephone out of the wall."' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analysts estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Clay County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

9. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Clay County, Florida

11. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

14. Defendant, GENESIS, is a corporation which was formed in Oregon with its principal place of business located at 15220 N.W. Greenbrier Parkway, Suite 200, Beaverton, Oregon and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

15. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16. GENESIS is a "creditor" as defined in Florida Statute §559.55(5).

17. GENESIS is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

18. GENESIS called Plaintiff on Plaintiff's cellular telephone approximately two hundred times in an attempt to collect a debt.

19. GENESIS attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

20. Some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

21. Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from GENESIS.

22. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

23. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (904) ***-5698, and was the called party and recipient of Defendant's calls.

24. GENESIS placed an exorbitant number of automated calls to Plaintiff's cellular telephone (904) ***-5698 in an attempt to collect on an Indigo credit card.

25. On several occasions over the last four (4) years Plaintiff instructed GENESIS's agent(s) to stop calling her cellular telephone.

26. In or about March 2019, Plaintiff communicated with Defendant from her aforementioned cellular telephone number and instructed Defendant's agent to cease calling. During the aforementioned calls with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

27. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

28. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

29. Defendant called Plaintiff on Plaintiff's cellular telephone approximately two hundred (200) times in an attempt to collect a debt. Due to the volume of calls Plaintiff received over a lengthy period of time, she was not able to properly catalogue each and every call and it is expected that a review of Defendant's records will reflect all of the unwanted calls placed to Plaintiff.

30. A non-exhaustive list of the numbers the unwanted calls by Defendant originated from are as follows:

   i. 1-904-474-8153
   ii. 1-951-269-4178

31. GENESIS placed up to five unwanted calls per day to Plaintiff's cellular telephone.

32. GENESIS used different agents to place each call to Plaintiff, which is indicative of an automated dialing system.

33. GENESIS has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

34. GENESIS has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or GENESIS, to remove the number.

35. GENESIS's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to GENESIS they wish for the calls to stop.

36. GENESIS has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

37. GENESIS has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

38. GENESIS has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

39. GENESIS's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

40. GENESIS has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

41. Not a single call placed by GENESIS to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

42. GENESIS willfully and/or knowingly violated the TCPA with respect to Plaintiff.

43. From each and every call placed without consent by GENESIS to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

44. From each and every call without express consent placed by GENESIS to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from GENESIS's calls.

45. From each and every call placed without express consent by GENESIS to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

46. Each and every call placed without express consent by GENESIS to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff.

For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

47. Each and every call placed without express consent by GENESIS to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

48. Each and every call placed without express consent by GENESIS to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

49. Each and every call placed without express consent by GENESIS to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

50. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
**(Violation of the TCPA)**

51. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty (50) as if fully set forth herein.

52. GENESIS willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified GENESIS that she wished for the calls to stop.

53. GENESIS repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against GENESIS for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the FCCPA)**

54. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty (50) as if fully set forth herein

55. At all times relevant to this action GENESIS is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

56. GENESIS has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

57. GENESIS has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

58. GENESIS's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against GENESIS for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FDCPA)

59. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty (50) as if fully set forth herein.

60. At all times relevant to this action GENESIS BANKCARD SERVICES, INC. is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

61. GENESIS BANKCARD SERVICES, INC. has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

62. GENESIS BANKCARD SERVICES, INC. has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

63. GENESIS BANKCARD SERVICES, INC. has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against GENESIS BANKCARD SERVICES, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Janelle Neal*

Janelle Neal, Esq.
Florida Bar No.: 774561
Morgan & Morgan Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
JNeal@forthepeople.com
RKnowles@forthepeople.com
*Attorney for Plaintiff*